UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE RYNESS COMPANY,<br>a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BUILDER SALES GROUP, LLC,<br>a Washington limited-liability company, *et al.*,<br><br>Defendant. | C10-1096-JCC<br><br>**ORDER** |

This matter comes before the Court upon Defendant's motion to compel discovery. (Dkt. No. 24). In addition to Defendant's motion, the Court has also considered Plaintiff's response (Dkt. No. 28), Defendant's reply thereto (Dkt. No. 30), and the parties' various supporting exhibits and declarations. Having therefore reviewed the relevant record and having concluded that oral argument is unnecessary, the Court hereby STRIKES the motion as moot.

## I. BACKGROUND

In March 2011, Defendant Builder Sales Group filed a motion to compel Plaintiff to answer certain interrogatories. (Motion (Dkt. No. 24)). After Defendant filed the motion, Plaintiff responded to each of the interrogatories. (Response (Dkt. No. 28)). Defendant concedes as much. (Reply (Dkt. No. 30)). Defendant also argues that certain answers "are vague and incomplete," and reserves the right to file an additional motion if the situation so warrants. (*Id.*). Defendant also asks that the Court order Plaintiff to compensate it for the attorney fees incurred in filing the original motion to compel. (*Id.*).

## II. RELEVANT LAW

A motion to compel discovery arises under Rule 37 of the Federal Rules of Civil Procedure. Rule 37 creates a presumption that the losing party will pay the attorney fees which the prevailing party incurred in bringing the motion. In relevant part, Rule 37 states that "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the Court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A).

The Rule also provides that this Court must refuse to order an award of attorney fees if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," or if "the opposing party's nondisclosure, response, or objection was substantially justified," or finally, if "other circumstances make an award of expenses unjust." *Id.* 37(a)(5)(A)(i)–(iii).

## III. DISCUSSION

Because Plaintiff has now provided Defendant with the requested discovery, the pending motion is moot. Defendant implicitly concedes the point by "reserv[ing] the right to challenge the sufficiency of Plaintiff's interrogatory answers in a separate motion." (Reply (Dkt. No. 30)). If Defendant files such a motion, this Court shall consider it. The motion currently pending, however, is moot.

Certain circumstances in this case would make an award of attorney fees unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Plaintiff's attorney reports that she told Defendant's attorney that discovery responses were forthcoming, and that she anticipated this would be copacetic because Plaintiff had recently agreed to a six-week extension for Defendant to respond to certain discovery requests which Plaintiff had issued. (Wang Decl. (Dkt. No. 29)). According to Plaintiff's attorney, Defendant filed the motion to compel only a few days after this conversation occurred. (*Id.*).

Because Defendant had been told that responses to its discovery requests were forthcoming, an award of attorney fees would be unjust. Defendant's request is therefore denied.

**IV. CONCLUSION**

For the aforementioned reasons, the Court hereby STRIKES Defendant's motion to compel discovery as moot. (Dkt. No. 24).

SO ORDERED this 24th day of June, 2011.

_____
JOHN C. COUGHENOUR
United States District Judge